IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) Criminal Action No.  04-174 |
| | ) |
| DOM JOEL STOKES, | ) Civil Action No. 06-290 |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Before the Court is Defendant's Habeas Corpus Motion, filed pursuant to 28 U.S.C. § 2255, as well as his Motion to Compel the Government to file a motion pursuant to Fed. R. Crim. P. 35(b).

On February 11, 2005, Defendant entered a plea of guilty to conspiring, from on or about 1998 to March 10, 2004, to possess with intent to distribute and to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. Defendant was sentenced on that same date.

Presently, Defendant argues that counsel was ineffective for advising him to enter into the plea and related stipulations.  He further argues that he has cooperated with the Government, so as to affect his sentence.  In turn, the

Government contends that in connection with his plea, Defendant waived his right to seek habeas relief, and in the alternative, that his 2255 Motion should be denied on its merits.  It also opposes the Motion to Compel, on grounds that it is not obligated to seek a reduction in Defendant's sentence.

For the following reasons, both Motions will be denied, and a certificate of appealability shall not issue.

## OPINION

### I.  MOTION PURSUANT TO § 2255

**A.  STANDARD OF REVIEW**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). With respect to a claim for ineffective assistance of counsel, a hearing is required unless it is indisputable that counsel's conduct satisfied applicable standards. United States v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005).  Under these standards, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).   I will consider Defendant's Motion according to these standards.

## B.  DISCUSSION

### 1.  Record of Proceedings

Defendant plead guilty to Count I of the indictment on August, 19, 2004.

In his plea agreement, the present Defendant expressly agreed to waive his right to a direct appeal on certain grounds, and also "waive[d] the right to vacate the sentence under Title 28, U. S. Code, Section 2255, attacking his conviction or sentence and the right to file any collateral proceeding." Plea Tr. p. 12.  The waivers were stated on the record, along with the remaining contents of Defendant's plea agreement, at the change of plea hearing.

Subsequently, the following colloquy took place:

> Q  Now, you know the plea agreement.  You heard it.  Did you hear everything [Government counsel] said?
>
> A Yes, ma'am.
>
> Q  Did you understand everything [she] said?
>
> A  Yes, ma'am, I did.
>
> Q  Did you review this with [your counsel]?
>
> A  Yes, I did, Your Honor.

3

\* \* \*

Q  You have agreed, according to the plea bargain, that at least fifty kilograms of cocaine were involved in this case. Is that accurate?

A  Yes, ma'am.

Q  And you have also agreed that you were an organizer, manager and supervisor of at least one other participant, is that correct.

A  Yes, ma'am.

\* \* \*

Q  Do you have any questions of me about the plea agreement?

A  No, Your Honor.

Transcript of Change of Plea on Aug. 19, 2004 ("Plea Tr."), pp. 14-16.

Defendant also indicated satisfaction with services rendered by his attorney:

Q  Have you had sufficient opportunity to discuss your case with [counsel]?

A  Yes, ma'am.

Q  Are you satisifed with the work that he has done for you up to this point?

A  Yes, Your Honor.

Plea Tr., pp. 4-5.

Moreover, throughout the proceedings, Defendant acknowledged that he understood the elements that the Government would have to prove in order to establish a conspiracy.  Government counsel and the Court repeatedly confirmed the concept that a conspiracy would require proof that "two or more persons came

4

to a mutual understanding or agreement to try to accomplish a common and unlawful plan" to distribute or possess with intent to distribute the charged amount of drugs, and that Defendant became a part of that conspiracy.  After the Court explained "specifically what it is that the government would have to prove with respect to this charge at trial in order for you to be found guilty," Defendant then indicated that he understood the required proof:

> Q   Do you understand what it is that the government would have to prove with respect to Count 1?
>
> A  Yes, Your Honor.

Plea Tr., p. 9.

In addition to the legal elements required to prove the charge to which he would  plead, the Court questioned Defendant regarding the factual basis for the charge.

> Q  [D]id you...knowingly and intentionally and unlawfully conspire with persons known and unknown to distribute and possess with intent to distribute five kilograms or more....of cocaine...?  And do you agree that the quantity and type of controlled substance attributable to you was at least fifty kilograms of cocaine?  And do you agree that in committing the offense, you were an organizer, manager, and supervisor of at least one other participant?
>
> A  Yes, ma'am.
>
> Q  Now, [Government counsel], I want you to summarize the government's evidence about the charge in Count I. And I want to you [sic] listen again, Mr. Stokes, because after she is done, I am going to ask you if you agree with what she said.
>
> A  Yes, Ma'am.

Plea Tr., pp. 18-19.

The Government's stated evidence showed that over time, and on numerous occasions, Defendant bought and sold multiple kilogram amounts of cocaine from and to various witnesses.  Moreover, the Government stated that certain of the sales constituted distributions to Defendant through another individual, and to another individual through Defendant.  The witnesses against Defendant were not only government agents, but included other confidential informants.  After the summary of the evidence, the Court asked Defendant if he had heard the summary, and if he agreed that what she said was accurate, and whether he still wished to plead guilty.  He answered affirmatively.  Plea Tr., p. 22.

**2. Defendant's Motion**

Presently, Defendant argues that counsel was ineffective, in that the Government's factual evidence, as summarized on the record, failed to support a conspiracy conviction; counsel therefore erred in advising him to plea, as well as to enter into various stipulations and waivers.  Defendant's argument does not encompass the specific waiver of his appellate and collateral attack rights; nor does he aver that counsel advised him to utter any falsities at his plea proceeding.  Moreover, Defendant does not allege that any of his record admissions were false.

**a. Waiver**

I first address the Government's contention that Defendant has waived his right to assert the arguments now presented.  I agree.

Generally, waivers of the right to appeal and collateral attack are valid if

6

entered into knowingly and voluntarily, and will divest the district court of jurisdiction over a collateral attack.   United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001); United States v. Whitaker, No. 02-90-03, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005).  Claims challenging the voluntariness of the waiver, or the effectiveness of counsel with respect to the waiver, however, may survive. Whitaker, 2005 U.S. Dist. LEXIS at **5-6.   Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 04-2176, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004).

In addition to resting on grounds of unknowing and involuntary waiver, a court may invalidate a waiver if its enforcement works a "miscarriage of justice." Khattak, 273 F.3d at 558.   In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "the clarity of the error, its gravity, its character (e.g. whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563.

Also relevant here, given Defendant's admissions and related declarations at the change of plea hearing, is that "[t]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong

7

presumption of verity."  Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994) (quoting

Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)).

   Presently, Defendant does not make any substantive claim that relates directly

to the negotiation of the waiver at issue; nor does he aver that the waiver of his

collateral attack rights in particular was involuntary or unknowing.[1]  To the contrary,

on the record, Defendant repeatedly agreed that he understood and agreed to all

pertinent questions.  He has, therefore, not demonstrated that the waiver should

be avoided on those grounds.

   In addition, Defendant has not established that the waiver should be

invalidated as a miscarriage of justice under Khattak.  Considering the clarity of the

alleged errors does not weigh in his favor.  A large volume of narcotics may create

an inference of conspiracy.  United States v. Wilson, Nos. 96-6709, 96-6710, 1999 U.S.

App. LEXIS 743, at *11 (6th Cir. Jan. 14, 1999).  Five kilograms of cocaine is not an

amount typically associated with personal use.  United States v. Magallon-Jimenez,

219 F.3d 1109, 1113 (9th Cir. 2000).  Similarly, repeated sales are a factor that a jury

may consider when considering conspiracy.  United States v. Askew, 403 F.3d 496,

503 (7th Cir. 2005).  The interdependent nature of a criminal enterprise, too, is

relevant to the existence of a conspiracy.  United States v. Franks, 98 Fed. Appx. 483,

495 (6th Cir. 2004).

   The Government stated its intention to present factual proof, inter alia, of

---

[1]To the extent that Defendant argues that ineffectiveness of counsel rendered his waiver
involuntary and unknowing, I reject that argument for the reasons discussed below.

various large quantities and repeated sales to and by Defendant, as well as distribution through another individual.  Defendant agreed that all of the evidence was correct, and that he wished to plead guilty.  Defendant also acknowledged that the conspiracy to which he was pleading involved at least fifty kilograms of cocaine. Therefore, it is far from clear that this evidence is insufficient to support a conspiracy, or that counsel's advice in that regard was deficient.  A nonexistent or questionable error simply cannot be of sufficient gravity, impact, or character to weigh in favor of nullifying a waiver.  Finally, as made clear in the record, the Defendant clearly and expressly acquiesced in the result.  Therefore, the <u>Khattak</u> factors point towards affirming the subject relinquishment of rights.

In sum, Defendant's waiver of his right to collateral attack should be enforced.

## B.  <u>Substantive Arguments</u>

Even if I were to consider the merits of Defendant's arguments, however, I would reject them.  Defendant claims that counsel was ineffective in advising him to plead guilty, because the Government's evidence was insufficient to support the charge; in advising him to stipulate to drug quantity, due to counsel's failure to investigate a cooperating witness who would testify in that regard; in advising him to stipulate to an aggravating role; and in allowing him to waive his right to have facts determined by a jury, and stipulate to such determination by a judge.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong

presumption" that the attorney's performance was reasonable. <u>Strickland v. Washington</u>, 466 U.S. 668, 689, 104 S. Ct. 2053, 80 L. Ed. 2d 674 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." <u>United States v. Gray</u>, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 698.  In the context of a guilty plea, a court may examine whether the alleged error that caused defendant to plead guilty would have changed the outcome of a trial.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

Defendant must also demonstrate that his attorney acted in an objectively unreasonable fashion in advising him to accept the agreement; he must show that counsel's performance fell below "the wide range of professionally competent assistance." <u>Strickland</u>, 466 U.S. at 687; <u>Schindler v. United States</u>, No. 95-5829, 1996 U.S. Dist. LEXIS 13476, at *7 (E.D. Pa. Sept. 7, 1996).  Counsel is not ineffective for failing to raise meritless claims. <u>See</u> <u>Parrish v. Fulcomer</u>, 150 F.3d 326, 328 (3d Cir. 1998).

In addition, to the extent that Defendant claims that counsel's ineffectiveness caused an involuntary or unknowing plea, the test is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to

the defendant." See North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Moreover, "the duty to investigate does not force defense lawyers to scour the globe on the off-chance something will turn up; reasonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste." Rompilla v. Beard, 545 U.S. 374, 125 S. Ct. 2456, 162 L. Ed. 2d 360, 373 (2005). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. A decision not to investigate must be evaluated for "reasonableness in all the circumstances." Id. "[A] heavy measure of deference given to counsel's judgment" with respect to investigation. Id.

I first address Defendant's claim that counsel was ineffective in advising him to plead guilty, because the Government's evidence was insufficient to support the conspiracy charge. For the same reasons that I have found no miscarriage of justice in enforcing the waiver, I find that Defendant has not established ineffective assistance of counsel under applicable deferential standards. Given the evidence marshaled by the Government, and admitted to by Defendant, I cannot find a reasonable probability that the alleged deficiencies in that evidence would affect the outcome of a trial. In light of that evidence and applicable case law, this case is reasonably viewed as more than one of "mere presence" or a mere buyer/seller

relationship.[2]  Accordingly, counsel's alleged failures in that respect did not fall below the wide range of professionally competent assistance.

Second, I address Defendant's claims that counsel improperly advised him regarding various sentencing issues.[3]  On the record, Defendant agreed that a witness supplied him with approximately ninety kilograms of cocaine during the pertinent time period.  That he now challenges the witness' integrity, or that the witness told Defendant that he lied to obtain his own reduced sentence, does not undermine Defendant's unambiguous admission.  Moreover, despite Defendant's belief that the witness was incarcerated during the time relating to his proposed testimony, the Government asserts that defense counsel knew the witness was not so incarcerated.   Given the presumption that operates in this context, along with Defendant's admission regarding the amount of cocaine and the Government's contentions regarding the witness, I would not find counsel's actions, or failure to investigate further, unreasonable under the circumstances.

As a related matter, I address the argument that counsel was ineffective in permitting Defendant to stipulate to an aggravating role in the conspiracy. Defendant specifically admitted that he played such a role; he does not now allege that his admission was false.  Given the weight accorded to his admissions in open

---

[2] Whether Defendant would have been entitled to a buyer/seller instruction to the jury is not dispositive of the present Motion.  A mere theoretical possibility of acquittal is not sufficient to demonstrate prejudice or to render counsel's advice deficient, in light of the contextual evidence asserted by the Government.

[3] Although Defendant avers that he might not have entered into particular sentencing-related stipulations absent counsel's improper advice, he does not argue that those stipulations would have affected his overall decision to plead guilty.

court, and his agreement with the fact of his plea, it is not determinative that the Government's summary of the evidence did not specifically use the key words related to the enhancement; the amounts of drugs passing through his hands could reflect a managerial role. Cf. United States v. Labib, 38 Fed. Appx. 257, 261 (6th Cir. 2002).   In the context of the totality of the evidence against him, as well as Defendant's declarations in open court, I could not find counsel ineffective for advising Defendant to stipulate to an enhancement based on his role as organizer, supervisor, or manager.

Next, I address the allegedly defective stipulation that the Court, rather than a jury, determine factors that might enhance Defendant's sentence.   Clearly, Defendant was not prejudiced by that stipulation.   Because Defendant agreed that he was an organizer, manager, and supervisor of at least one other participant, there were no enhancing factors for the Court to determine.   Therefore, the result of Defendant's sentence would not be different had he not entered the stipulation, or had counsel advised against it.   This alleged grounds for an ineffectiveness claim must fail.

Finally, in his amendment to the 2255 Motion, Defendant points out a supposed inconsistent fact in the Government's evidence.   He avers that counsel failed to take steps to obtain this evidence.   In particular, Defendant notes that a Government agent testified in state court that he met Defendant on a particular date, but purportedly delivered drugs to Defendant on an earlier date.   That this fact might call into question the witness' credibility does not, in light of all of the

13

evidence against Defendant, raise a reasonable probability that the outcome of a trial or Defendant's plea would be different.  Counsel reasonably could have rendered the same advice to his client, had he been in possession of the state court transcript. The failure to uncover or utilize this fact, therefore, does not render counsel's actions unreasonable.

Finally, I address Defendant's argument that Count I, to which he pleaded, was dismissed at the change of plea proceeding.  It is apparent that either Government counsel misspoke or was mistranscribed.   The intent of the parties' written agreement, however, and the remainder of the plea hearing, was that Defendant plead guilty to Count I, and the remaining Counts of the indictment be dismissed. Throughout the hearing, the parties and the Court repeatedly confirmed that Defendant pleaded guilty to Count I.  Therefore, the technical error reflected in the transcript does not require that Defendant's sentence be vacated.

## C. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. §  2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."  In this case, for the reasons stated in the foregoing Opinion, Defendant has not made such a showing.  Therefore, a certificate of appealability will not issue in any respect.

## II. **MOTION TO COMPEL**

## A. **Record of Proceedings**

At the plea proceeding, Defendant agreed to assist law enforcement officers. His plea agreement provided that "If his cooperation is complete within – at the

14

time of sentencing or within a year after sentencing, we have agreed to determine whether or not we should file a 5K 1.1 or a motion pursuant to Rule 35(b)."  At his change of plea hearing, the Court informed Defendant that his "sentence could be lower...if you cooperate and it's complete and accurate and full."   Plea Tr., pp. 13, 14. The plea agreement, therefore, explicitly left a substantial assistance motion within the discretion of the Government.

## B. <u>Defendant's Motion</u>

The bulk of Defendant's Motion is dedicated to recitation of his assistance to state and local officials, beginning in February of 2005.[4]   He asserts that during meetings held "subsequent to the sentencing proceedings in this case," he provided state, local, and federal officers with unspecified "information in the investigation or prosecution of another person who committed an offense."

Generally, courts will not invade a prosecutor's discretion regarding substantial assistance motions.  <u>E.g.</u>, <u>United States v. Capps</u>, 140 Fed. Appx. 911, 913 (11th Cir. 2005).

In reviewing the government's refusal to file a Rule 35(b) motion for reduction of sentence based on substantial assistance, I may inquire into whether the government acted with an unconstitutional motive, such as race, gender, or religion. <u>Wade v. United States</u>, 504 U.S. 181, 186, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)).   Defendant does not allege unconstitutional motive in this case.

_____

[4]Defendant's Motion contains what clearly is a typographical error, suggesting that his assistance began in February of 2006.

15

However, a challenge to such a refusal may also be based on the bad faith of the Government.  United States v. Isaac, 141 F.3d 477, 483 (3d Cir. 1998).  "Bad faith" is to be analyzed according to contract principles.  Id. at 483-84.  "The sole requirement is that the government's position be based on an honest evaluation of the assistance provided and not on considerations extraneous to that assistance." Id. at 484.

> If the government explains its reasons, the defendant must "make a showing of bad faith to trigger some form of hearing on that issue."  Unless the government's reasons are wholly insufficient, or unless the defendant's version of events, supported by at least some evidence, contradicts the government's explanation, no hearing is required.

Id.  (citations omitted) (quoting United States v. Imtiaz, 81 F.3d 262, 264 (2d Cir. 1996)).

In its response, the Government disavows knowledge of the state and local assistance that Defendant describes in his Motion.  The Government also notes that responding counsel had been absent from the office for a year at the time of the Government's response.  This is sufficient reason, under applicable standards, for determining that a Rule 35 Motion was not earned; moreover, the Government cannot have been acting in bad faith if it lacked knowledge of the Defendant's assistance.  Indeed, the Government states its intention to follow up on the information that Defendant has provided, in order to determine whether a late Motion is warranted pursuant to Rule 35(b)(2)(a).

In his Reply, although he takes issue with the Government's failure to affirmatively uncover his cooperation, Defendant does not contradict the

16

Government's explanation.   As a result, no hearing is required, and there is no basis for granting Defendant's Motion at this time.

## CONCLUSION

In sum, I will deny Defendant's Motion based on his waiver of his right to collateral attack.  In addition, were I to consider the substance of his Motion, I would deny it.  Defendant has failed to establish ineffective assistance of counsel under applicable law, on any of the grounds urged; he has likewise failed to establish that he is entitled to relief on any other grounds.  Moreover, a certificate of appealability will not issue.   Finally, Defendant has not demonstrated that he is entitled to an Order compelling the Government to file a motion for reduction in sentence.  I will, therefore, also deny his Motion to Compel.

An appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       )
                                )
                                )
    -vs-                         )
                                  Criminal Action No.  04-174
                                )
DOM JOEL STOKES,                ) Civil Action No. 06-290
                                )
                                )
            Defendant.          )

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **11**[th] day of September, 2006, it is  ORDERED, that Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (CR 04-174 Docket No. 35, CV 06-290 Docket No. 1) is  DENIED.   No certificate of appealability shall issue.  Moreover, Defendant's Motion to Compel the Government to File for Reduction of Sentence (Docket No. 44) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

18